IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| STELLAR INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CALHOUN FRONTIER, LLC d/b/a SERVICE TRUCK DEPOT and IMFAB, INC., <br><br> Defendants. | CASE NO. _5-25-cv-00056_ <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

COMES NOW Plaintiff, Stellar Industries, Inc., and for its Complaint and Demand for Jury Trial against Defendants, Calhoun Frontier, LLC d/b/a Service Truck Depot and IMFAB, Inc. (collectively, "Defendants"), states and alleges as follows:

## PARTIES

1. Plaintiff, Stellar Industries, Inc. ("Stellar"), is a corporation organized and operated under the laws of the State of Iowa with its principal place of business located in Garner, Hancock County, Iowa.

2. Defendant, Calhoun Frontier, LLC d/b/a Service Truck Depot ("Service Truck Depot"), is a corporation organized and operated under the laws of the State of Texas, with its principal place of business in Fairfield, Freestone County, Texas.

3. Defendant, IMFAB, Inc., is a corporation organized and operated under the laws of the State of Texas with its principal place of business in Mt. Pleasant, Titus County, Texas.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 United States Code, trade dress infringement, false designation of origin, false

advertising, and unfair competition. This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, specifically the Patent Act, 35 U.S.C. § 101 *et seq.*; the Lanham Act, 15 U.S.C. § 1051 *et seq.* and under 28 U.S.C. § 1338(a) because this action involves claims of patent infringement and unfair competition under federal law. Additionally, this Court has supplemental jurisdiction over all other claims in this action pursuant to 28 U.S.C. § 1367(a), as these claims are so related to the claims within the Court's original jurisdiction and form part of the same case or controversy.

5. This Court has personal jurisdiction over Service Truck Depot. Specifically, Service Truck Depot is a Texas limited liability company that has continuous and systematic contacts with Texas which render it at home in the state.

6. This Court has personal jurisdiction over IMFAB. Specifically, IMFAB is a Texas corporation that has continuous and systematic contacts with Texas which render it at home in the state.

7. Defendants have committed acts of patent infringement within the Texarkana Division of the Eastern District of Texas and elsewhere in Texas.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as all defendants reside in the State of Texas and a substantial part of the events or omissions giving rise to the claims in this Complaint occurred in this judicial district. Specifically, Service Truck Depot owns and operates a service truck retail business in this district, the operation of which gives rise to the claims in this Complaint.

## FACTS COMMON TO ALL COUNTS

9. Stellar was founded in 1990 in Garner, Iowa, and has since expanded operations to multiple U.S. locations.

10. Today, Stellar is a 100% employee-owned and operated manufacturer of high-quality work trucks and trailers, as well as service truck and van accessories.

11. Stellar designs and manufactures the equipment it sells to the work truck/utility vehicle industry.

12. On or about April 10, 2023, Stellar submitted a patent application titled SIDE PACK WITH CHANNELS to the United States Patent Office.

13. On or about July 23, 2024, Stellar was awarded U.S. Patent No. 12,043,218 for the SIDE PACK WITH CHANNELS (the "'218 Patent").  A true and correct copy of the '218 Patent is attached hereto as Exhibit 1.

14. At all times relevant to this Complaint, the '218 Patent has been in force, and Stellar has been, and is, the owner of all right, title and interest in and to the '218 Patent.

15. Stellar's work trucks and utility vehicles feature several design features intended to distinguish them from other service trucks on the market.

16. On or about February 3, 2025, Defendant Service Truck Depot began offering Boxcar 55 Series custom work truck beds ("Boxcar 55").

17. At all material times, Defendant IMFAB has manufactured the Boxcar 55.

18. Defendants manufacture, make, have made, use, practice, import, provide, supply, distribute, sell and/or offer for sale products and/or systems that infringe on one or more claims of the '218 Patent.

## COUNT I: INFRINGEMENT OF THE '218 PATENT

19. Stellar restates and realleges the foregoing allegations as if fully stated herein.

20. Defendants, without permission from Stellar, have been and continue to infringe the '218 Patent by manufacturing, using, selling, and offering to sell in the United States a product

that meets all of the requirements of at least Claims 1–9 and 11–14 of the '218 Patent, the Boxcar 55.

21. Defendants, in violation of 35 U.S.C. 271, directly infringe on Claims 1–9 and 11–14 of the '218 Patent.  A true and correct copy of the claim charts are attached hereto as Exhibit 2.

22. For example, Claim 7, in its entirety, recites,

A side pack for a vehicle comprising:
    a first top panel;
    a first track extending along a length of the top panel and attached to the top panel, the first track having a first side wall and a second side wall parallel with the first side wall, each of the first and second side walls having lips to engage first securing members; and
    a second track extending along a length of the top panel and attached to the top panel, the second track having a third side wall and a fourth side wall parallel with the first side wall and the second sidewall, each of the third and fourth side walls having lips to engage second securing members.

23. Defendants, in violation of 35 U.S.C. § 271, directly infringe on claim 7 of the '218 Patent by manufacturing, using, selling, and offering to sell the Boxcar 55 as shown below:

    a. A side pack for a vehicle compromising:



b. A first top panel;



c. A first track extending along a length of the top panel and attached to the top panel,



d. The first track having a first side wall and a second side wall parallel with the first side wall, each of the first and second side walls having lips to engage first securing members;





e. A second track extending along a length of the top panel and attached to the top panel,



  f. The second track having a third side wall and a fourth side wall parallel with the first side wall and the second side wall,



  g. Each of the third and fourth side walls having lips to engage the second securing members.



24. Defendants, in violation of 35 U.S.C. 271, directly infringe on Claim 8 of the '218 Patent.

25. By way of further example, Claim 8, in its entirety, recites:

> The side pack of claim 7, wherein the first track includes a first base connecting the first side wall to the second side wall and the second track includes a second base connecting the third side wall to the fourth side wall.

26. Defendants, in violation of 35 U.S.C. § 271, directly infringe on claim 8 of the '218

Patent by having

    a. The side pack of claim 7 (as demonstrated above in paragraph 23);

    b. Wherein the first track includes a first base connecting the first side wall to the second side wall;



    c. The second track includes a second base connecting the third side wall to the fourth side wall.



8

27. Defendants, in violation of 35 U.S.C. 271, directly infringe on Claim 9 of the '218 Patent.

28. Claim 9, in its entirety, recites:

> The side pack of claim 7, wherein the first sidewall, the second sidewall, and the first base form a substantially C-shaped cross-section and the third sidewall, the fourth sidewall, and the second base form a substantially C-shaped cross-section.

29. Defendants, in violation of 35 U.S.C. § 271, directly infringe on claim 9 of the '218 Patent by having

   a. The side pack of claim 7 (as demonstrated above in Paragraph 23);

   b. Wherein the first sidewall, the second sidewall, and the first base form a substantially C-shaped cross-section; and



   c. The third sidewall, the fourth sidewall, and the base form a substantially C-shaped cross-section.



30. Defendants have knowledge of the '218 Patent through Stellar's consistent and continuous marketing of its product with the '218 Patent in compliance with the requirements of 35 U.S.C. § 271(a).

31. Each Defendant had actual notice of their infringement of the '218 Patent.

32. Defendants' past and continued infringement of the '218 Patent is willful in nature and the result of egregious misconduct.

33. Defendants' infringement of the '218 Patent is the proximate cause of substantial damage to Stellar.

34. If not enjoined as requested herein, Defendants' infringement of the '218 Patent will irreparably harm Stellar.

35. For Defendants' willful infringement and exceptional conduct, Stellar is entitled to recover treble damages under 35 U.S.C. § 284 and its reasonable attorneys' fees under 35 U.SC. § 285.

### COUNT II: UNFAIR COMPETITION/TRADE DRESS INFRINGEMENT

36. Stellar repeats and realleges the foregoing allegations as if set forth fully herein.

37. Stellar manufactures, sells, and/or distributes side packs using Stellar's distinctive packaging and design, which contains Stellar's distinctive trade dress.

38. Stellar has expended considerable time, effort, and resources to design and develop a unique and inherently distinctive design its side packs.

39. Stellar's trade dress includes:

   a. A rotary/master lock, which is generally shiny or chrome, located in a top corner of the side pack;

   b. Drip rails arranged below the tops of the side packs;

   c. Unique door hinges which create a robust appearance;

   d. Doors which have certain lengths and widths;

   e. Door latches having a particular configuration;

   f. A black fenderette arranged above a wheel well;

   g. A black bedliner with D-ring style tiedowns arranged on the floor; and

   h. A top panel having a pair of tracks.

40. Stellar's combination of these features is not in itself functional.

41. Stellar's trade dress is non-functional, distinctive, and has acquired secondary meaning.

42. Stellar is the owner of all right, title, and interest in and to its trade dress.

43. Defendants' infringing side packs are of the same or similar nature and have the same or similar forms, purposes, look, and feel of those sold by Stellar.

44. As shown in Exhibits 3 and 4, Defendants' side packs of the Boxcar 55, when compared to Stellar's side packs, infringes Stellar's trade dress and unfairly competes with Stellar. Specifically, Defendants' side packs have the same general visual appearance and are substantially

similar to Stellar's side packs, including, without limitation, the use of all of the following:

    a. A rotary/master lock which is generally shiny or chrome arranged at the top corner of the Boxcar 55 side pack;

    b. Drip rails arranged below the tops of the Boxcar 55 side packs;

    c. Robust looking door hinges having the same configuration as that utilized in the Stellar utility vehicles;

    d. Doors having substantially the same configuration as that utilized in Stellar utility vehicles;

    e. Door latches arranged and looking nearly identical to those utilized in Stellar utility vehicles;

    f. A black fenderette arranged above a wheel well which is nearly identical to that of a Stellar utility vehicle;

    g. A black bedliner with similar D-ring stye tiedowns arranged in the same manner as Stellar's; and

    h. A top panel with parallel tracks.

45. Defendants, without permission from Stellar, have been and continue to manufacture, sell, and/or offer to sell in the United States nearly identical side packs in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of Defendants' products, thus constituting unfair competition and trade dress infringement under 15 U.S.C. § 1125(a)(1).

46. Defendants' unfair competition and trade dress infringement is the proximate cause of substantial damage to Stellar. As a proximate result of Defendants' actions, Stellar has suffered and will continue to suffer damage to its business, goodwill, reputation, profits and strength of the

Stellar trade dress.

47. If not enjoined as requested herein, Defendants' unfair competition and infringement of Stellar's trade dress will irreparably harm Stellar.

48. Stellar is entitled to injunctive relief under 15 U.S.C. § 1116 and destruction of infringing articles under 15 U.S.C. § 1118.

49. In addition to injunctive relief, Stellar is entitled to recover all actual damages that it has sustained, including Defendants' profits and the costs of this action, under 15 U.S.C. § 1117.

50. For Defendants' willful infringement and exceptional conduct, Stellar is entitled to recover treble damages and its reasonable attorneys' fees under 15 U.S.C. § 1117.

### COUNT III: FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, AND UNFAIR COMPETITION – 15 U.S.C. § 1125(a)

51. Stellar restates and realleges the foregoing allegations as if fully set forth herein.

52. Defendants have used Stellar's unique trade dress design in commerce and advertising.

53. Stellar's trade dress is non-functional, distinctive, and has acquired secondary meaning.

54. Defendants' use of Stellar's trade dress is a copy, variation, simulation, or colorable imitation of Stellar's trade dress and constitutes false designation of origin, false advertising, and unfair competition under 15 U.S.C. § 1125(a).

55. Defendants' use of Stellar's trade dress:

   a. Is likely to cause confusion in the marketplace as to the source of the products offered by Stellar and Defendants, and will likely result in customers believing there is an affiliation or association between Stellar and Defendants, when there is not; and

      b.    Misrepresents the nature, characteristics, qualities, and geographic origin of Defendants' goods and services.

56.    As demonstrated herein, Defendants' Boxcar 55 design encroaches upon the landscape Stellar has created with its federal statutory and common law trade dress rights, and this encroachment is likely to cause confusion in the marketplace, as the Boxcar 55 design used by Defendants infringes upon the trade dress of Stellar's TMAX utility truck design.

57.    By engaging in the aforesaid acts, Defendants are unfairly competing with Stellar.

58.    The foregoing acts and conduct by the Defendants constitute false designation of origin, passing off, and false advertising in connection with products distributed in interstate commerce in violation of 15 U.S.C. § 1125(a).

59.    Stellar gave written notice to Defendants of its unlawful activities and yet Defendants continue to wantonly, vexatiously, intentionally, and willfully use the Boxcar 55 design which is confusingly similar to Stellar's TMAX utility truck design and constitutes a false designation of origin, false advertising, and unfair competition.

60.    Unless enjoined by this Court, Defendants will continue to infringe Stellar's rights in and to its trade dress and harm Stellar's goodwill in an irreparable and damaging manner. Stellar has no adequate remedy at law.

61.    Stellar is entitled to injunctive relief under 15 U.S.C. § 1116 and destruction of the infringing articles under 15 U.S.C. § 1118.

62.    In addition to injunctive relief, Stellar is entitled to recover all actual damages that it has sustained, including Defendants' profits and the costs of this action, under 15 U.S.C. § 1117.

63.    For Defendants' willful infringement and exceptional conduct, Stellar is entitled to recover treble damages and its reasonable attorneys' fees under 15 U.S.C. § 1117.

**PRAYER FOR RELIEF**

Plaintiff Stellar Industries, Inc. respectfully prays this Court enter judgment in its favor and against Defendants Service Truck Depot and IMFAB, Inc. on each and every claim set forth above and award it appropriate relief including, but not limited to, the following:

A. An Order that one or more claims of United States Patent No. 12,043,218 has been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

B. An Order permanently enjoining Defendants, Service Truck Depot and IMFAB, Inc., and all persons in active concert or participation with them, from further acts of infringement of the '218 Patent, pursuant to 35 U.S.C. § 283;

C. An Order pursuant to 35 U.S.C. § 384 and other applicable laws directing Defendants, Service Truck Depot and IMFAB, Inc., to pay Plaintiff, Stellar Industries, Inc., all damages adequate to compensate Plaintiff, Stellar Industries, Inc. for Defendants, Service Truck Depot and IMFAB, Inc., infringement of the '218 Patent, but in no event less than a reasonable royalty for the use made of the patented invention by Defendants, Service Truck Depot and IMFAB, Inc., together with all recoverable pre-judgment and post-judgment interests and costs;

D. An Order pursuant to 35 U.S.C. § 284 increasing all damages Defendants, Service Truck Depot and IMFAB, Inc., up to three times the amount found or assessed by the Court, and its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

E. An Order temporarily and permanently enjoining Defendants, Service Truck Depot and IMFAB, Inc., and all persons in active concert or participation with them, from further acts of Unfair Competition/Trade Dress Infringement, pursuant to 15 U.S.C. § 1116;

F. An Order pursuant to 15 U.S.C. § 1117(a) directing Defendants, Service Truck Depot and IMFAB, Inc., to pay Plaintiff, Stellar Industries, Inc., all damages adequate to compensate Plaintiff, Stellar Industries, Inc. for Defendants', Service Truck Depot and IMFAB, Inc., unfair competition and trade dress infringement, including, without limitation, recovery of all profits made by Defendants Service Truck Depot and IMFAB, Inc., compensation for all damages sustained by Plaintiff Stellar Industries, Inc., and the costs of this action;

G. An Order pursuant to 15 U.S.C. § 1117(a) increasing all damages Defendants, Service Truck Depot and IMFAB, Inc., are ordered to pay Plaintiff Stellar Industries, Inc., up to three times the amount found or assessed by the Court;

H. An Order pursuant to 15 U.S.C. § 1118 directing Defendants to destroy all infringing articles.

I. An Order pursuant to 15 U.S.C. § 1117(a) directing Defendants, Service Truck Depot and IMFAB, Inc., to pay Plaintiff Stellar Industries, Inc., all attorneys fees incurred by Plaintiff Stellar Industries, Inc., in relation to this lawsuit and Defendants', Service Truck Depot and IMFAB, Inc., unfair competition and trade dress infringement, pursuant to 15 U.S.C. § 1117(a); and

J. An Order awarding all such other and further relief as the Court deems just under the circumstances.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial on all issues that are triable by jury under the law.

Dated: May 6, 2025                                              Respectfully submitted,

/s/ *Brett M. Pinkus*
Brett M. Pinkus
State Bar No. 24076625
Wick Phillips Gould & Martin, LLP
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile: (214) 692-6255
Email: brett.pinkus@wickphillips.com

Stephanie A. Koltookian, Iowa AT0012724
(*Pro hac vice forthcoming*)
Michael A. Dee, Iowa AT0002043
(*Pro hac vice forthcoming*)
BROWN, WINICK, GRAVES, GROSS, AND BASKERVILLE, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
Telephone: 515-242-2400
Facsimile: 515-283-0231
Email: stephanie.koltookian@brownwinick.com
Email: michael.dee@brownwinick.com

**ATTORNEYS FOR PLAINTIFF,
STELLAR INDUSTRIES, INC.**