IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **STELLAR INDUSTRIES, INC.** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | NO. 5:25-cv-0056-RWS-JBB |
| | § | |
| **FAF TX DEPOT, LLC D/B/A** | § | |
| **SERVICE TRUCK DEPOT, ET AL.,** | § | |
| | § | |
| Defendant. | § | |

## JOINT CONFERENCE REPORT

Plaintiff Stellar Industries, Inc. ("Plaintiff" or "Stellar") and Defendants FAF TX Depot, LLC ("Service Truck Depot") and IMFAB, Inc. ("IMFAB") (collectively, "Defendants") hereby jointly submit this Joint Report on Rule 26(f) Conference with respect to the matters set out in the Court's August 7, 2025 Order setting a telephone scheduling conference.

The parties also submit the attached proposed **Docket Control Order (Ex. A – Clean Copy, Ex. B – Redline Copy), proposed Discovery Order (Ex. C – Clean Copy, Ex. D – Redline Copy), proposed Protective Order (Ex. E – Clean Copy, Ex. F – Redline Copy) and proposed E-Discovery Order (Ex. G – Clean Copy)**, all of which are agreed to by the parties.

a. State where and when the conference among the parties required by Federal Rule of Civil Procedure 26(f) was held, identify the counsel who attended for each party, including name, address, bar number, phone numbers, and email address, and, if applicable, identify the counsel and any unrepresented person(s) who will appear at the Scheduling Conference on behalf of the parties.[1]

---

[1] Timely submission of the parties' joint conference report with attached proposed docket control order and proposed discovery order will be viewed by the Court as complying with the conference requirement of Rule 26(f).

**The Rule 26(f) Conference was held August 19, 2025, via Teams meeting.**

**Attending for plaintiff were counsel:**

    **1. Michael Dee (Iowa Bar No. 14960)**
        **Brown Winick Law Firm**
        **666 Grand Ave., Ste. 2000**
        **Des Moines, IA 50309**
        **(515) 242-2400**
        **Michael.dee@brownwinick.com**

    **2. Stephanie Koltookian (Iowa Bar No. 37815460)**
        **Brown Winick Law Firm**
        **666 Grand Ave., Ste. 2000**
        **Des Moines, IA 50309**
        **(515) 242-2400**
        **Stephanie.koltookian@brownwinick.com**

    **3. Brett Pinkus (Texas Bar No. 24076625)**
        **Spencer Fane LLP**
        **2200 Ross Avenue, Suite 4800 West**
        **Dallas, TX 75201**
        **(214) 750-3610**
        **bpinkus@spencerfane.com**

**Attending for defendants were counsel:**

    **(1) For *FAF TX DEPOT LLC d.b.a Service Truck Depot:***
        **Robert J. McAughan, Jr.**
        **Texas Bar No. 00786096**
        **MCAUGHAN DEAVER PLLC**
        **550 Westcott, Suite 375**
        **Houston, Texas 77007**
        **bmcaughan@md-iplaw.com**
        **(713) 829-3851**

    **(2) For IMFAB, Inc.:**
        a. **Geoffrey Patton Culbertson (TX Bar No. 24045732)**
           **Patton Tidwell & Culbertson, LLP**
           **2800 Texas Blvd.**
           **Texarkana, TX 75503**
           **(903) 792-7080**
           **gpc@texarkanalaw.com**

      b. **James A. Fussell (WDC Bar No. 977275 )**
         **Mayer Brown LLP**
         **1999 K Street N.W.**
         **Washington, DC 20006**
         **(202) 263-3000**
         **jfussell@mayerbrown.com**

b. List the correct names of the parties to this action.

    **Plaintiff: Stellar Industries, Inc.**

    **Defendants: FAF TX Depot, LLC, d/b/a Service Truck Depot; IMFAB, Inc.**

c. List any related cases pending in any state or federal court. Include the case numbers, the courts, and how they are related.

    **None**

d. Briefly describe in 3 paragraphs or less: (a) What this case is about and (b) Each claim or defense.

**Plaintiff's Statement:**

    (a) **Plaintiff Stellar Industries claims defendants are infringing Stellar's patent (U.S. Patent No. 12,043,218 for the SIDE PACK WITH CHANNELS (the "'218 Patent")) and trade dress, both involving a side pack mounted on a vehicle. Defendants assert**

    (b) **Count I asserts direct and willful infringement of multiple independent claims of the '218 patent. Count II asserts Unfair Competition/Trade Dress Infringement primarily of Defendants' Boxcar 55 vehicles' side packs which Stellar claims are of the same or similar nature and have the same or similar forms, purposes, look, and feel of those sold by Stellar. Count III is a claim for False Designation of Origin, False Advertising and Unfair Competition pursuant to 15 U.S.C. §1125(a) regarding Defendants' use of Stellar's trade dress on its vehicles' side packs.**

**Defendants' Statement:**

**Defendants deny they have infringed the asserted patent, that Plaintiff has any protectable trade dress rights and that Defendants have engaged in any unfair competition in violation 15 U.S.C. §1125(a).**

**With respect to the patent infringement claim, Defendants have advanced defenses that the asserted claims are invalid under 35 U.S.C. § 112 (as indefinite) and under §§ 102 and 103 (over various prior art materials). Defendants have further advanced a defense that the asserted patent is unenforceable based on the failure of those associated with the prosecution**

Case 5:25-cv-00056-RWS-JBB   Document 28   Filed 08/21/25   Page 4 of 7 PageID #: 253

**of the Asserted Patent (and its parent application) to disclose known material information to the Patent Office during the prosecution of the asserted patent. Defendants assert that the alleged patent damages are barred or limited for 35 U.S.C. §§ 286 and 287.**

**With respect to the trade dress and related unfair competition claims, Defendants have advanced defenses that Plaintiff's alleged protectable features are unprotectable because they are functional and lack distinctiveness and that Service Truck depot's prominent branding of its products precludes any finding of trade dress infringement of unfair competition. Defendants also advance that Plaintiff has misused its trade dress.  Finally, Defendants share the belief and position that there is no legitimate basis for the assertion of the trade dress and unfair competition claims against IMFAB because IMFAB's conduct related to Plaintiff's alleged trade dress does not constitute "use in commerce" under the Lanham Act. IMFAB is merely a supplier of a component part that is incorporated into a finished product by a third party. IMFAB does not assemble, market, or sell the final product to consumers, nor does it affix any trade dress or source-identifying features to the component part in a manner visible to consumers. IMFAB has no control over the marketing or presentation of the final product and makes no representations to consumers regarding its source or origin.**

e. Specify the basis of federal jurisdiction.

> **Subject Matter Jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, specifically the Patent Act, 35 U.S.C. § 101 *et seq.*; the Lanham Act, 15 U.S.C. § 1051 *et seq.,* and under 28 U.S.C. § 1338(a) because this action involves claims of patent infringement and unfair competition under federal law. Additionally, this Court has supplemental jurisdiction over all other claims in this action pursuant to 28 U.S.C. § 1367(a), as these claims are related to the claims within the Court's original jurisdiction and form part of the same case or controversy.**

f. Identify the parties who disagree with Plaintiff's jurisdictional allegations and state the reasons for disagreement.

> **None**

g. List anticipated additional parties that may be included, when they might be added and by whom.

> **None**

h. State whether the parties are exempt from initial disclosures under Rule 26(a)(1)(B).

> **No, the parties are not exempt from initial disclosures under Rule 26(a)(1)(B).**

i. If the parties disagree on any part of the discovery plan or case schedule, describe the opposing views.

>    **None**

j. State whether the parties request entry of a Protective Order or E-Discovery Order to govern this case.

>    **Yes, see the attached proposed Protective Order and proposed E-Discovery Order jointly submitted by the parties.**

k. State the progress made toward settlement, if any, and the present status of settlement negotiations.

>    **Counsel for the parties have engaged in, and continue to engage in, substantive settlement discussions that have made progress on both the patent claims and trade dress claims. Those discussions are continuing.**

l. If the parties have already agreed on a specific mediator, state the name and address of the mediator and at what stage of the litigation mediation would be most appropriate. In the event the parties are not able to agree at this time on whether they want to mediate and/or on the name of a specific mediator, the Court notes that its sample docket control order provides a deadline for the parties to inform the Court as to whether they agree to mediate, and if so, to file a joint motion indicating a deadline for such mediation and also whether the parties have agreed upon a mediator.

>    **The parties have not agreed upon a specific mediator because direct settlement negotiations between the parties continue (see (k) above).**

m. State whether a jury demand has been made and if it was made on time.

>    **Jury demand timely asserted.**

n. Specify the approximate number of hours each party will need to present evidence and cross-examine witnesses in the trial of this case.

>    **The parties estimate 10 days for trial, with each "side" utilizing approximately 24 hours to present its case and cross-examine witnesses (exclusive of voir dire, opening and closing).**

o. List all pending motions.

>    **No motions pending.**

p. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the Scheduling Conference. The parties shall also advise as to whether

they think the scheduling conference is warranted or whether the Court can enter the parties' proposals without having the telephonic scheduling conference.

**No other matters peculiar to this the parties believe deserve special attention of the Court at the scheduling conference. The parties believe the scheduling conference is not necessary given their agreement on all the documents being submitted, and believe the Court can enter the parties' proposals without holding the telephonic scheduling conference**.

| | |
|---|---|
| Dated: August 21, 2025 | Respectfully submitted, |

/s/ Stephanie A. Koltookian
Stephanie A. Koltookian, Iowa AT0012724
(PHV Forthcoming)
Michael A. Dee, Iowa AT0002043
(PHV Forthcoming)
BROWN, WINICK, GRAVES, GROSS, AND BASKERVILLE, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
Telephone:  515-242-2400
Facsimile:   515-283-0231
Email: stephanie.koltookian@brownwinick.com
Email: michael.dee@brownwinick.com

Brett M. Pinkus
State Bar No. 24076625
Wick Phillips Gould & Martin, LLP
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile:  (214) 692-6255
Email: brett.pinkus@wickphillips.com

**ATTORNEYS FOR PLAINTIFF, STELLAR INDUSTRIES, INC.**

| | |
|---|---|
| Dated: August 21, 2025 | */s/ Robert J. McAughan, Jr.*<br>Robert J. McAughan, Jr.<br>(TX Bar No. 00786096)<br>MCAUGHAN DEAVER PLLC<br>550 Westcott, Suite 375<br>Houston, Texas 77007<br>bmcaughan@md-iplaw.com<br>(713) 829-3851<br><br>***ATTORNEY FOR DEFENDANT,***<br>***FAF TX DEPOT LLC D.B.A SERVICE TRUCK DEPOT*** |
| Dated: August 21, 2025 | */s/ Geoffrey Patton Culbertson*<br>Geoffrey Patton Culbertson<br>(TX Bar No. 24045732)<br>Patton Tidwell & Culbertson, LLP<br>2800 Texas Blvd.<br>Texarkana, TX 75503<br>(903) 792-7080<br>gpc@texarkanalaw.com<br><br>James A. Fussell<br>(WDC Bar No. 977275)<br>Mayer Brown LLP<br>1999 K Street N.W.<br>Washington, DC 20006<br>(202) 263-3000<br>jfussell@mayerbrown.com<br><br>**ATTORNEYS FOR DEFENDANT,**<br>**IMFAB, INC.** |

### CERTIFICATE OF SERVICE

I certify that on August 21, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will serve all counsel of record.

/s/ Helen Mollenbeck
Helen Mollenbeck, Legal Assistant