# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| **STELLAR INDUSTRIES, INC** § | |
| § | |
| **Plaintiff** § | |
| § | |
| vs. § | NO. 5:25-CV-0056-RWS-JBB |
| § | |
| **FAF TX DEPOT, LLC D/B/A** § | |
| **SERVICE TRUCK DEPOT, ET. AL.** § | |
| § | |
| **Defendant.** | |

## DOCKET CONTROL ORDER

It is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| | |
|---|---|
| **3 DAYS after conclusion of Trial** | Parties to file **Motion to Seal Trial Exhibits**, if they wish to seal any highly confidential exhibits.<br><br>**EXHIBITS: See Order Regarding Exhibits below.** |
| **Trial Date**<br><br>**To be assigned by the Court**<br><br>Court designated date – not flexible without good cause - Motion Required | 9:00 a.m. JURY TRIAL before Judge Robert W. Schroeder III, Texarkana, Texas.<br><br>For planning purposes, parties shall be prepared to start the evidentiary phase of trial immediately following jury selection. |
| **To be assigned by the Court**<br><br>Court designated date – not flexible without good cause - Motion Required | 9:00 a.m. JURY SELECTION before Judge Robert W. Schroeder III, Texarkana, Texas. |

| | |
|---|---|
| **December 28, 2026**<br><br>Court designated date – not flexible without good cause - Motion Required | **10:00 a.m. PRETRIAL CONFERENCE before Magistrate Judge J. Boone Baxter, Texarkana, Texas.**<br><br>**The parties note this date is during a holiday week and would ask the Court to move it to the first or second week of January if possible.**<br><br>Discuss trial logistics and *voir dire* procedure. Resolve any pending motions or objections.<br>Lead trial counsel must attend the pretrial conference. |
| *1 week before pretrial* | **File a Notice of Time Requested for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments.** |
| *1 week before pretrial* | **File Responses to Motions *in Limine*.** |
| *2 weeks before pretrial* | **File Motions *in Limine* and pretrial objections.**<br><br>The parties are **ORDERED** to meet and confer to resolve any disputes before filing any motion *in limine* or objection to pretrial disclosures. |
| *2 weeks before pretrial* | **File Joint Final Pretrial Order, Joint Proposed Jury Instructions with citation to authority and Form of the Verdict for jury trials**.<br><br>Parties shall use the pretrial order form on Judge Schroeder's website.<br><br>Proposed Findings of Fact and Conclusions of Law with citation to authority for issues tried to the bench. |
| *2 weeks before pretrial* | **Deadline to consent to proceed before the Magistrate Judge for all remaining proceedings in this case, including a jury or nonjury trial, the entry of a final judgment, and all post-trial proceedings. 28 U.S.C. § 636(c)(1).**<br><br>If all parties agree to consent to the Magistrate Judge to handle all remaining proceedings (including trial, post-trial, and the entry of final judgment), the parties are to jointly or separately file Local Form, modifying AO 85 (Notice, Consent, and Reference of a Civil Action to a Magistrate Judge for All Proceedings) located on Judge Baxter's website. The form should be electronically filed using the event "Notice Regarding Consent to Proceed Before Magistrate Judge."<br><br>Each party may withhold consent without any adverse consequence. 28 U.S.C. § 636(c)(2). |
| *3 weeks before pretrial* | Exchange Objections to Rebuttal Deposition Testimony. |
| *4 weeks before pretrial* | **Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due.**<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice and email Shelly Holmes at shelly_holmes@txed.uscourts.gov. |

| | |
|---|---|
| *4 weeks before pretrial* | Exchange Rebuttal Designations and Objections to Deposition Testimony.<br><br>For rebuttal designations, cross examination line and page numbers to be included.<br><br>In video depositions, each party is responsible for preparation of the final edited video in accordance with their parties' designations and the Court's rulings on objections. |
| *No later than 5 weeks before pretrial* | **Deadline to mediate.**<br><br>For cases in which the parties have agreed, or been ordered, to mediate, the parties shall complete mediation no later than five weeks before the pretrial conference or seek leave of Court for additional time in which to mediate. |
| *6 weeks before pretrial* | Exchange Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof.<br><br>Video and Stenographic Deposition Designation due. Each party who proposes to offer deposition testimony shall serve a disclosure identifying the line and page numbers to be offered. |
| **July 28, 2026**<br><br>Court designated date – not flexible without good cause – Motion Required | **Any Remaining Dispositive Motions due from all parties and any other motions that may require a hearing (including *Daubert* motions).**<br><br>Motions shall comply with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances. Exceptional circumstances require more than agreement among the parties.</u><br><br>For each motion filed, the moving party SHALL provide the Court with one (1) copy of the completed briefing (opening motion, response, reply, and if applicable, surreply), excluding exhibits, in a three-ring binder appropriately tabbed. All documents shall be double-sided and must include the CM/ECF header. These copies shall be delivered to Judge Baxter's chambers in Texarkana as soon as briefing has completed.<br><br>**Respond to Amended Pleadings**. |
| *1 week before Dispositive Motions* | Parties to Identify Rebuttal Trial Witnesses. |
| *2 weeks before Dispositive Motions* | Parties to Identify Trial Witnesses; Amend Pleadings (after *Markman* Hearing).<br><br>It is necessary to file a Motion for Leave to Amend Pleadings after this deadline. Prior to this deadline, it is not necessary to file a motion for leave to amend if allowed by Patent Rule 3-6(a). |
| *3 weeks before Dispositive Motions* | Expert Discovery Deadline. |

| | |
|---|---|
| *6 weeks before Dispositive Motions* | Parties designate rebuttal expert witnesses (non-construction issues), rebuttal expert witness reports due.  Refer to Local Rules for required information.<br><br>If, without agreement, a party serves a supplemental expert report after the rebuttal expert report deadline has passed, the serving party must file notice with the Court stating service has occurred and the reason why a supplemental report is necessary under the circumstances. |
| *8 weeks before Dispositive Motions* | Final Election of Asserted Prior Art. |
| *9 weeks before Dispositive Motions* | Parties with burden of proof designate expert witnesses (non-construction issues).  Expert witness reports due.  Refer to Local Rules for required information. |
| *9 weeks before Dispositive Motions* | Fact discovery deadline. |
| *12 weeks before Dispositive Motions* | Final Election of Asserted Claims. |
| *3 weeks after Markman hearing* | Comply with P.R. 3-7. (Opinion of Counsel Defenses) |
| **February 26, 2026**<br><br>Court designated date – not flexible without good cause – Motion Required | *Markman* **Hearing and hearing on any Motion for Summary Judgment of Indefiniteness at 10:00 a.m. before Magistrate Judge J. Boone Baxter, Texarkana, Texas.** |
| *2 weeks before Markman Hearing* | **P.R. 4-5(d) Chart due**.<br><br>The parties are to meet and confer and jointly submit a claim construction chart in Word format to the Court (via email or usb disk) listing each party's proposed construction for each of the terms to be addressed at the *Markman* hearing, including any terms purported to be indefinite. |
| *3 weeks before Markman Hearing* | Parties to file a notice with the Court stating the estimated amount of time requested for the *Markman* Hearing.  The Court will notify the parties if it is unable to accommodate this request.<br><br>**Comply with P.R. 4-5(c)** - Reply brief and supporting evidence regarding claim construction due.  Plaintiff is to provide the Court with one (1) copy of the completed *Markman* briefing in its entirety (opening brief, response, and reply) and exhibits in a three-ring binder appropriately tabbed.  All documents SHALL be double-sided and must include the CM/ECF header.  These copies shall be delivered to Judge Baxter's chambers in Texarkana as soon as briefing has completed.<br><br>If a technical advisor has been appointed the moving party is to provide their *Markman* brief on disk or CD along with a hard copy, tabbed and bound with exhibits to the advisor. |
| *4 weeks before Markman Hearing* | **Comply with P.R. 4-5(b)** - Responsive claim construction brief and supporting evidence due. |

| | |
|---|---|
| *6 weeks before Markman Hearing* | **Comply with P.R. 4-5(a)** - The party claiming patent infringement shall serve and file an opening brief and any evidence supporting its claim construction.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). <u>Motions to extend page limits will only be granted in exceptional circumstances.  Exceptional circumstances require more than joint agreement among the parties.</u><br><br>Tutorials due.  Deadline for parties, if they desire, to provide Court with tutorials concerning technology involved in patent(s).  The parties shall submit one (1) copy of their tutorials to the Court.  If a technical advisor has been appointed, each party that provides a tutorial shall provide a copy to the advisor.<br><br>Preliminary Election of Asserted Prior Art. |
| *6 weeks before Markman Hearing* | Proposed Technical Advisors due if one has not already been appointed.  Parties to provide name, address, phone number, and curriculum vitae for up to three agreed technical advisors <u>and information regarding the nominees' availability for *Markman* hearing</u> or a statement that an agreement could not be reached.  If the parties cannot agree on a technical advisor, they shall not submit any proposed technical advisors to the Court.  If the parties feel a technical advisor is unnecessary, they shall alert the Court at this time. |
| *8 weeks before Markman Hearing* | Discovery Deadline - Claim Construction Issues.<br><br>Preliminary Election of Asserted Claims. |
| *9 weeks before Markman Hearing* | **Respond to Amended Pleadings.** |
| *11 weeks before Markman Hearing* | **Amended Pleadings (pre-claim construction) due from all parties, including inequitable conduct allegations**.<br><br>It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings.  It is necessary to file a Motion for Leave to Amend after the deadline.  However, if the amendment would affect infringement contentions or invalidity contentions, a motion must be made if required by Patent Rule 3-6(b) irrespective of whether the amendment is made prior to this deadline. |

| | |
|---|---|
| *12 weeks before Markman Hearing* | **Comply with P.R. 4-3** - Filing of Joint Claim Construction and Prehearing Statement.<br><br>In the P.R. 4-3 filing, the parties shall list the most significant terms according to the parties' priorities, which were agreed upon during the P.R. 4-2 meet and confer, indicating which of those terms will be case or claim dispositive. Absent approval from the Court, <u>a maximum of 10 terms will be construed</u>. If the parties cannot agree to the most important 10 terms, the parties shall identify the terms that were agreed upon and then divide the remainder evenly between Plaintiff(s) and Defendant(s).<br><br>The nonmoving party subject to an indefiniteness challenge must provide a preliminary identification of any expert testimony it intends to rely on in its response to the moving party's indefiniteness challenge. The nonmoving party shall also provide a brief description of that witness' proposed testimony. |
| *15 weeks before Markman Hearing* | **Comply with P.R. 4-2** - Exchange of Preliminary Claim Constructions and Extrinsic Evidence. Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| *18 weeks before Markman Hearing* | **Comply with P.R. 4-1** - Exchange Proposed Terms and Claim Elements for Construction. |
| *6 weeks after Scheduling Conference* | Comply with P.R. 3-3 and 3-4 - Invalidity Contentions due. Thereafter, except as provided in Patent Rule 3-6(a), it is necessary to obtain leave of Court to add and/or amend invalidity contentions, pursuant to Patent Rule 3-6(b).<br><br>Defendant shall assert any counterclaims. After this deadline, leave of Court must be obtained to assert any counterclaims. |
| *4 weeks after Scheduling Conference* | **Deadline to Notify the Court regarding Mediation.**<br><br>Parties are encouraged, but not required, to mediate cases.<br><br>If the parties agree to mediate, they shall jointly file a motion with a proposed order attached. The motion shall indicate whether the parties agree upon a mediator and a mediation deadline. If the parties cannot agree on a mediator, they may request the Court appoint a mediator. The parties shall confirm the mediator's availability in light of the mediation deadline, which shall be no later than five weeks before the pretrial conference.<br><br>If the parties do not agree to mediate, they shall file a notice so indicating. |

| | |
|---|---|
| *4 weeks after Scheduling Conference* | **Deadline to consent to proceed before the Magistrate Judge for all <u>pretrial motions</u>, including dispositive motions. 28 U.S.C. § 636(c)**<br><br>This case is referred to the Magistrate Judge for all pretrial proceedings, and as such, the parties are afforded the objection procedures described in Fed. R. Civ. P. 72(a) and (b) and Local Rule CV-72(b) and (c). Upon consent of all parties, these objection procedures may be waived by consenting to the Magistrate Judge to hear and determine <u>all pretrial motions</u>. Any party is free to withhold consent without any adverse consequence and the objection procedures will remain in place. 28 U.S.C. § 636(c)(2).<br><br>If all parties agree to consent to the Magistrate Judge to hear and determine all pretrial motions (thus foregoing the need for Report and Recommendations for dispositive motions), the parties are to **jointly** file Local Form, modifying AO 85A (Notice, Consent, and Reference of <u>All Pretrial Motions</u> to a Magistrate Judge) located on Judge Baxter's website. The form should be electronically filed using the event "Notice Regarding Consent to Proceed Before Magistrate Judge." The case will remain assigned to the District Judge for trial and all post-trial proceedings.<br><br>*If the parties wish to consent to the Magistrate Judge for all proceedings, including trial, the entry of final judgment, and all post-trial proceedings in addition to pretrial motions, they are to file Local Form, modifying AO 85 (Notice, Consent, and Reference of a Civil Action to a Magistrate Judge for <u>All Proceedings</u>).* |
| *1 week after Scheduling Conference* | Defendant shall join additional parties.  It is not necessary to file a motion to join additional parties prior to this date.  Thereafter, it is necessary to obtain leave of Court to join additional parties. |
| *1 week before Scheduling Conference* | Comply with P.R. 3-1 and P.R. 3-2 - Disclosure of Asserted Claims and Infringement Contentions due.  Thereafter, except as provided in Patent Rule 3-6(a), it is necessary to obtain leave of Court to add and/or amend infringement contentions, pursuant to Patent Rule 3-6(b).<br><br>Plaintiff shall join additional parties.  It is not necessary to file a motion to join additional parties prior to this date.  Thereafter, it is necessary to obtain leave of Court to join additional parties.<br><br>Plaintiff shall add new patents and/or claims for patents-in-suit.  It is not necessary to file a motion to add additional patents or claims prior to this date.  Thereafter, it is necessary to obtain leave of Court to add patents or claims. |
| *Parties' estimated number of trial days* | **10** |

In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

The parties are directed to Local Rule CV-7(d), which provides in part that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion."

A party may request an oral hearing on a motion filed with the Court. Any such request shall be included in the text or in a footnote on the first page of the motion or any responsive pleading thereto after discussing the issue with the other party or parties. The Court will consider requests to appear remotely, if agreed to by all parties.

## Other Limitations

(a) The following excuses will not warrant a continuance or justify a failure to comply with the discovery deadline:
  (i) The fact that there are motions for summary judgment or motions to dismiss pending;
  (ii) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;
  (iii) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

(b) Amendments to the Docket Control Order ("DCO"): Any motion to alter any date on the DCO shall take the form of a motion to amend the DCO. The motion shall include a chart in the format of the DCO that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged). The motion to amend the DCO shall also include a proposed DCO in traditional two-column format that incorporates the requested changes and that also lists all remaining dates. In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines rather than needing to also refer to an earlier version of the DCO.

(c) Indefiniteness: In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

(d) Motions *in Limine*: Each side is limited to one (1) motion *in limine* addressing no more than ten (10) disputed issues. In addition, the parties may file a joint motion *in limine* addressing any agreed issues. The Court views motions *in limine* as appropriate for those things that will create the proverbial "skunk in the jury box," e.g., that, if mentioned in front of the jury before an evidentiary ruling can be made, would be so prejudicial that the Court could not alleviate the prejudice with an appropriate instruction. Rulings on motions *in limine* do not exclude evidence, but prohibit the

        party from offering the disputed testimony prior to obtaining an evidentiary ruling during trial.

(e) <u>Exhibits</u>: Each side is limited to designating 250 exhibits for trial absent a showing of good cause. The parties shall use the exhibit list sample form on Judge Schroeder's website.

(f) <u>Deposition Designations</u>: Each side is limited to designating no more than ten (10) hours of deposition testimony for use at trial absent a showing of good cause. As trial approaches, if either side needs to designate more than ten (10) hours, the party may file a motion for leave and show good cause. All depositions to be read into evidence as part of the parties' case-in-chief shall be EDITED so as to exclude all unnecessary, repetitious, and irrelevant testimony; ONLY those portions which are relevant to the issues in controversy shall be read into evidence.

(g) <u>Witness Lists</u>: The parties shall use the sample form on Judge Schroeder's website.

## ORDER REGARDING EXHIBITS, EXHIBIT LISTS AND WITNESS LISTS:

A. On the first day of trial, each party is required to have:

    (1) One copy of their respective original exhibits on hand. Each exhibit shall be properly labeled with the following information: Identified as either Plaintiff's or Defendant's Exhibit, the Exhibit Number and the Case Number.
    (2) Three hard copies of each party's exhibit list and witness list on hand.
    (3) One copy of all exhibits on USB Flash Drive(s) or portable hard drive(s). This shall be tendered to the Courtroom Deputy at the beginning of trial.
    (4) One copy of all expert reports on CD. This shall be tendered to the Courtroom Deputy at the beginning of trial.

B. The parties shall follow the process below to admit exhibits.

    (1) *On the first day of trial*, each party shall tender a preadmitted list of exhibits it plans to admit into evidence. This list shall include all exhibits which are NOT objected to or to which the Court has already overruled an objection. To the extent there are exhibits with outstanding objections for which the parties need a ruling from the Court, those exhibits should be separately included on the list and designated accordingly to reflect a pending objection. Parties shall entitle the list "[Plaintiff's/Defendant's] List of Preadmitted Exhibits." If, during the course of the day's testimony, a party wishes to offer an objected exhibit into evidence, the party may move for admission at the time it wishes to use that exhibit with a witness. The Court will then hear the opposing party's objection and will rule on the objection at that time.

    (2) *On each subsequent day of trial*, the Court will commence by formally admitting all of the exhibits that were either unobjected to or allowed over objection and <u>used</u> during the previous day's trial. The Court will ask for these exhibits to be read into the record and formally admitted into evidence at the beginning of that trial day. These will be the exhibits deemed admitted at trial. The parties shall keep a separate running list of <u>all</u> exhibits admitted throughout the course of trial.

  (3) *At the conclusion of evidence*, each party shall read into the record any exhibit that was used but not previously admitted during the course of trial and then tender its final list of every admitted exhibit, entitled "[Plaintiff's/Defendant's] Final List of All Admitted Exhibits." To the extent there are exhibits that were not admitted during the course of trial, but for which there is agreement that they should be provided to the jury, the parties must inform the Court of those exhibits at the conclusion of evidence. The Court will then determine whether those exhibits will be allowed into the jury room for deliberations.

C. At the conclusion of evidence, each party shall be responsible for pulling those exhibits <u>admitted</u> at trial and shall tender those to the Courtroom Deputy, who will verify the exhibits and tender them to the jury for their deliberations. One representative from each side shall meet with the Courtroom Deputy to verify the exhibit list.

D. At the conclusion of trial, all boxes of exhibits shall be returned to the respective parties and the parties are instructed to remove these exhibits from the courtroom.

E. Within five business days of the conclusion of trial, each party shall submit to the Courtroom Deputy:

  (1) A Final Exhibit List of Exhibits Admitted During Trial in Word format.
  (2) Two CD(s) or USBs containing admitted unsealed trial exhibits in PDF format. If the Court ordered any exhibits sealed during trial, the Sealed Exhibits shall be submitted on a separate CD or USB. If tangible or over-sized exhibits were admitted, such exhibits shall be substituted with a photograph in PDF format.
  (3) A disk containing the transcripts of Video Depositions played during trial, along with a copy of the actual video deposition.